# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

LIBERTY WOODS INTERNATIONAL, INC.,   **:**

                                  **:** **Civil Action No.**: 15-cv-8843-NLH/AMD

       Plaintiff,               **:**

                                  **:**

       v.                    **:**

                                  **:**

THE M/V OCEAN QUARTZ, her engines, tackle,**:**
appurtenances, etc. in rem, and            **:**
DALIA SHIP HOLDING SA, in personam    **:**
          Defendants.          **:**

## DEFENDANTS' VERIFIED ANSWER TO COMPLAINT

Defendant Dalia Ship Holding S.A. ("Dalia") appearing *in personam,* by and through their undersigned counsel, Palmer Biezup & Henderson LLP, and without waiver of or prejudice to the mandatory jurisdiction / forum selection contained in the applicable SK Shipping Company Ltd. Bills of Lading, answers Plaintiffs' Complaint as set forth below.

Dalia Ship Holding S.A. ("Dalia") having filed a Verified Statement of Right or Interest in the defendant vessel M/V OCEAN QUARTZ pursuant to Rules C(6) and E(8) of the Supplemental Rules for Certain Admiralty and Maritime Claims, as owner of the M/V OCEAN QUARTZ for the sole purpose of defending claims asserted in this action by the plaintiff against the M/V OCEAN QUARTZ *in rem*, said claim of owner and *in rem* appearance having been being expressly restricted under Rule E(8) and limited and subject to all terms, conditions, limitations, and reserved defenses set forth in a certain Letter of Undertaking issued on May 10, 2013[1] to the plaintiff as security for its *in rem* claim in lieu of the arrest of the vessel,

---

[1] A true and correct copy of said Letter of Undertaking dated May 10, 2013 was attached to and made a part of the Verified Statement of Interest filed on February 1, 2016 as Exhibit "A". (*See* Doc. 3).

by and through its counsel, Palmer Biezup & Henderson LLP, and without waiver of or prejudice to the mandatory jurisdiction / forum selection clause contained in the applicable SK Shipping Company Ltd. Bills of Lading, answers plaintiff's Complaint *in rem* (herein after "Complaint") as claimant to the M/V OCEAN QUARTZ, as set forth below.

1.      Denied. The averments contained in paragraph 1 of the Complaint relating to jurisdiction, rules and statutes that purportedly apply to Plaintiff's claim, and the characterization of Plaintiff's claims are conclusions of law and are, therefore, denied. All remaining averments contained in paragraph 1 of the Complaint are denied.

2.      Denied. The averments contained in paragraph 2 of the Complaint relating to jurisdiction are conclusions of law and are, therefore, denied. All remaining averments contained in paragraph 2 of the Complaint are denied.

3.      Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 3 of the Complaint and, therefore, deny the same.

4.      Denied as stated. It is admitted that at all material times the M/V OCEAN QUARTZ was an ocean going bulk cargo vessel and, except as specifically admitted herein, the averments contained in paragraph 4 of the Complaint are denied.

5.      Denied as stated. It is admitted that at all material times Dalia Ship Holding S.A. was  a foreign corporation or business entity and was the registered owner of the vessel M/V OCEAN QUARTZ and, except as specifically admitted herein, the averments contained in paragraph 5 of the Complaint are denied and the averments contained in "Schedule A" to the Complaint are denied.

6.    Denied as stated. It is admitted that in the ports of Tanjung Manis, Malaysia, Bintalu, Malaysia and Samarinda, Indonesia certain cargoes of wood products inside crates were loaded and stowed aboard the M/V OCEAN QUARTZ by certain shippers and/or cargo interests for carriage to the Port of Camden, New Jersey and bill of lading numbers SKSMTMCA00211000 through SKSMTMCA00228000 dated December 12, 2012, bill of lading numbers SKSMBICA00615000 through SKSMBICA 00630000 dated December 17, 2012, and bill of lading numbers SKSMSMCA00109000 through SKSMSMCA00154000 dated December 31, 2012 were issued by SK Shipping Co., Ltd. in connection with said shipments of said cargoes and, except as specifically admitted herein, the averments contained in paragraph 6 of the Complaint are denied and the averments contained in "Schedule A" to the Complaint are denied.

7.    Denied.

8.    Denied. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 8 of the Complaint and, therefore, deny the same.

9.    Denied.

10.    Denied.

WHEREFORE, answering defendant Dalia Ship Holding S.A., appearing *in personam* demands judgment in its favor and against Plaintiff Liberty Woods International, Inc., along with the dismissal of Plaintiff's Complaint with prejudice at Plaintiff's cost and such other and further relief as this Honorable Court may deem proper and just under the circumstances.

WHEREFORE, answering defendant Dalia Ship Holding S.A., appearing as owner of the M/V OCEAN QUARTZ and subject to its restricted appearance and Verified Statement of Right

3

or Interest filed of record herein, demands judgment in its favor and against Plaintiff Liberty

Woods International, Inc., along with the dismissal of Plaintiff's Complaint with prejudice at

Plaintiff's cost and such other and further relief as this Honorable Court may deem proper and

just under the circumstances.

### *FIRST AFFIRMATIVE DEFENSE*

Any claim for or arising out of the loss or damage alleged in the Complaint is subject to

the mandatory jurisdiction / forum selection clause set forth in Clause 33 of all bills of lading

referenced in Schedule "A" attached to Plaintiff's Complaint.   This lawsuit must be dismissed

based on, *inter alia*, the doctrine of *forum non conveniens* pursuant to the mandatory and

exclusive jurisdiction Clause 33 contained in the bills of lading which are the subject of

Plaintiff's Complaint which states in pertinent part as follows:

*"33. (Jurisdiction): Any claim, dispute, suit, or action concerning goods carried under this Bill of Lading, whether based upon breach of contract, tort, or otherwise shall be brought before the Seoul District Court in Korea."*

A copy of the terms and conditions set forth the back of the subject Bills of Lading is attached

hereto as composite *Exhibit "A"*. An enlargement of Clause 33 is attached as *Exhibit "B."*

### *SECOND AFFIRMATIVE DEFENSE*

The Complaint fails to state a claim against Answering Defendants for which relief can

be granted.

### *THIRD AFFIRMATIVE DEFENSE*

Defendants claim benefit of all rights, limitations, and defenses provided by the United

States Carriage of Goods by Sea Act of 1936, 46 U.S.C. § 1300 *et seq.*, (46 U.S.C.S. §30701 et

seq.) the Harter Act of 1893, 46 U.S.C. § 190 et seq. (46 U.S.C.S. §30701 et seq.), the Limitation

of Liability Act of 1851 (46 U.S.C. §§ 30501 - 30512), the Hague Rules 1924 (Brussels

4

Convention) (Articles 1 through 8 et seq.), and any other international convention referenced in the bill of lading and/or applicable as a matter of law to the subject shipments, all of which are incorporated herein by reference.

### *FOURTH AFFIRMATIVE DEFENSE*

The damages alleged in Complaint, if they occurred, which is denied, were caused in whole or in part by acts, errors, omissions, negligence, breach of warranty or breach of contract of other parties for whom Answering Defendants are not responsible including, but not limited to the Plaintiff, the shippers, the consignees, and/or their respective agents, servants or employees.

### *FIFTH AFFIRMATIVE DEFENSE*

Due diligence was used to make the M/V OCEAN QUARTZ seaworthy and to insure that it was properly manned, equipped, and supplied and to make the holds, decks and all other parts of the vessel in which the cargo was carried safe and fit for the cargo's reception, carriage, and preservation in accordance with all applicable contracts and statutes. Accordingly, if the cargo sustained any loss or damage while on board the vessel due to any unseaworthiness of the vessel, which is denied, Defendants can have no liability for such loss or damage.

### *SIXTH AFFIRMATIVE DEFENSE*

Any liability of Answering Defendants, such liability being specifically denied, is limited by the United States Carriage of Goods by Sea Act of 1936, 46 U.S.C. § 1300 *et seq.*, (46 U.S.C.S. §30701 et seq.) to $500 per package or customary freight unit and/or by the per package or customary freight unit limitation provision contained in any other applicable law or international convention.

PBH472252.1

### SEVENTH AFFIRMATIVE DEFENSE

Answering Defendants claim the benefit of all defenses which may be available to them under the terms of bill of lading numbers SKSMTMCA00211000 through SKSMTMCA00229000, SKSMBICA00615000 through SKSMBICA 00630000, and SKSMSMCA00109000 through SKSMSMCA00154000, and any other applicable contracts, charter parties, bills of lading, or other agreements or tariffs, including, but not limited to, time bars, failure to give proper notice, forum selection clauses, jurisdiction clauses, arbitration clauses, applicable law clauses, and any other applicable defenses.  Specifically, Defendants incorporate by reference all defenses set forth in terms and conditions set forth on the front and reverse sides of the applicable bills of lading referenced in the LOU issued on May 10, 2013 and attached to the Verified Statement of Claim.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its alleged damages and losses in this matter.

### NINTH AFFIRMATIVE DEFENSE

The subject vessel, the M/V OCEAN QUARTZ was, at all material times, tight, staunch, strong and seaworthy.

### TENTH AFFIRMATIVE DEFENSE

Answering Defendants did not owe Plaintiff any duty or warranty under the law or pursuant to the contract of carriage or otherwise and did not breach any duty or warranty.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations, including, but not limited to, limitation periods in the applicable Bills of Lading and in United States Carriage of Goods by Sea Act of 1936, 46 U.S.C. § 1300 *et seq.*, (46 U.S.C.S. §30701 et seq.).

PBH472252.1

### *TWELFTH AFFIRMATIVE DEFENSE*

The cargo which is the subject matter of the Complaint was allegedly received, loaded and carried pursuant to the terms and conditions of the Bills of Lading issued by SK Shipping Co., Ltd. and Answering Defendants incorporate herein by reference all terms and provisions of the aforementioned Bills of Lading, the terms and provisions of any contracts incorporated by reference in said Bills of Lading and/or any other contracts applicable to the shipment, and specifically including, but not limited to, all defenses, limitations, notice provisions, United States Carriage of Goods by Sea Act defenses and limitations, package limitations, liberties clauses, etc. contained in said contracts.

### *THIRTEENTH AFFIRMATIVE DEFENSE*

Plaintiff may not be the real party in interest and/or lacks standing to sue in respect of the claims asserted in this action and, therefore, the Complaint must be dismissed.

### *FOURTEENTH AFFIRMATIVE DEFENSE*

Plaintiff assumed the risk of any alleged damages or losses.

### *FIFTEENTH AFFIRMATIVE DEFENSE*

Plaintiff's claims are also barred by the equitable doctrines of latches, estoppel and waiver, unclean hands, and/or other equitable defenses.

### *SIXTEENTH AFFIRMATIVE DEFENSE*

The Complaint should be dismissed on the grounds that Plaintiff has failed to join an indispensable party under Rule 19 of the Federal Rules of Civil Procedure.

PBH472252.1

### *SEVENTEENTH AFFIRMATIVE DEFENSE*

Recovery is barred to the extent that any loss or damage alleged in the Complaint arose or resulted from perils, dangers, and accidents of the sea or other navigable waters; or from acts of God; or from any reasonable and/or agreed deviation.

### *EIGHTEENTH AFFIRMATIVE DEFENSE*

Any loss or damage alleged in the Complaint, said loss or damage being denied, did not arise or result from any actual fault, knowledge, privity, or neglect of the carrier, its agents, or servants, and recovery is therefore barred.

### *NINETEENTH AFFIRMATIVE DEFENSE*

Plaintiff's alleged losses were caused by the negligent and/or intentional conduct of Plaintiff, Plaintiff's contractors, the shippers, the shippers' contractors, consignees, consignees' contractors, receivers, receivers' contractors, and/or other persons for whom Defendants have no responsibility.

### *TWENTIETH AFFIRMATIVE DEFENSE*

If any loss or damage to the cargo, as alleged in the Complaint, occurred while the cargo was on board the M/V OCEAN QUARTZ, which is denied, and if it be determined that the loss or damage arose or resulted from a latent defect in said vessel or its equipment, Defendants cannot be held liable for such loss or damage.

### *TWENTY-FIRST AFFIRMATIVE DEFENSE*

If any loss or damage to the cargo, as alleged in the Complaint, occurred while the cargo was on board the M/V OCEAN QUARTZ, which is denied, and if it be held that the loss or damage arose or resulted from an act, neglect, or default of the Master, mariner, pilots, or

8

servants of the carrier in the navigation or management of the vessel, which is denied, Defendants cannot have any liability for such loss or damage.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

In the event there is any loss of damage to the cargo as alleged in the Complaint, which is denied, such loss or damage arose or resulted from the condition of the cargo when delivered or from an inherent defect, quality or vice of the goods or insufficiency of packaging, insufficient protection, or by act or omission of the shipper, consignee, or owners of the goods, their agents or representatives, including but not limited to, acts or omissions of the shipper's representative at the location where the cargo was loaded, and acts or omissions at the ports of loading and/or discharge and, therefore, Defendants have no liability in this matter.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

If there was any loss or damage to the cargo as alleged in the Complaint, which is denied, such loss or damage arose or resulted from Plaintiff's failure to use due care under the circumstances in shipping its cargo, including, but not limited to, negligent storage, handling, carriage, and transportation of the cargo prior to shipment aboard the M/V OCEAN QUARTZ, and negligently failing to provide proper and/or adequate carriage instructions and, therefore, Defendants are not liable.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

If there was any loss or damage to the cargo as alleged in the Complaint, which is denied, such loss or damage arose or resulted from the negligent packing, packaging, stuffing, and/or protection of the cargo for the anticipated voyage by Plaintiff, shippers, consignees and/or receivers and/or their respective agents.

PBH472252.1

### *TWENTY-FIFTH AFFIRMATIVE DEFENSE*

To the extent that the claims stated in the Complaint are governed by the substantive laws of a foreign nation, Defendant hereby gives notice of its intention to rely on foreign law.

### *TWENTY-SIXTH AFFIRMATIVE DEFENSE*

Notice of the alleged damage to cargo was not given within three (3) days after discharge and, therefore, under the Carriage of Goods by Sea Act of 1936, 46 U.S.C. § 1300 *et seq.*, (46 U.S.C.S. §30701 et seq.) and/or other applicable laws, it must be presumed that no damage occurred during carriage.

### *TWENTY-SEVENTH AFFIRMATIVE DEFENSE*

At all times material hereto, Defendants acted with reasonable care, did not breach any duty, and complied with all carriage and stowage instructions provided by Plaintiff, the shippers consignees and/or receivers and/or their respective agents.

### *TWENTY-EIGHTH AFFIRMATIVE DEFENSE*

If there was any loss or damage to the cargo as alleged in the Complaint, which is denied, such loss or damage arose or resulted from the negligence of the Plaintiff, shippers, consignees and/or receivers and their respective agents.

### *TWENTY-NINTH AFFIRMATIVE DEFENSE*

At all material times Defendant Dalia Ship Holding S.A. was not a party to any alleged contract of carriage, was never in privity of contract with Plaintiff, and did not operate or control the subject vessel.

### *THIRTIETH AFFIRMATIVE DEFENSE*

This lawsuit must be dismissed pursuant to the mandatory/exclusive law and jurisdiction and/or exclusive arbitration clause(s) contained in any applicable bills of lading, tariffs, charter parties, service contracts and or other applicable contracts of carriage.

### *THIRTY-FIRST AFFIRMATIVE DEFENSE*

This Honorable Court lacks *in personam* jurisdiction over Defendant Dalia Ship Holding S.A. and, therefore, the *in personam* claim in the Complaint must be dismissed.

### *THIRTY-SECOND AFFIRMATIVE DEFENSE*

Venue is improper and, therefore, this matter must be dismissed.

### *THIRTY-THIRD AFFIRMATIVE DEFENSE*

Plaintiff failed to timely file its action in the Seoul District Court, Korea, as required under the applicable forum selection / jurisdiction clause and therefore Plaintiff's claim is time-barred under the applicable statute of limitations.

### *THIRTY-FOURTH AFFIRMATIVE DEFENSE*

The Complaint is barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

### *THIRTY-FIFTH AFFIRMATIVE DEFENSE*

Answering defendant claims benefit of all defenses and limitations available to it pursuant to all applicable Himalaya clauses contained in bills of lading or other contracts deemed applicable to the transportation of the subject cargo.

PBH472252.1

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

This lawsuit should be dismissed on the basis of the doctrine of *forum non conveniens* because the applicable bills of lading contain a mandatory jurisdiction / forum selection clause requiring that all claims, suits or actions be brought in the Seoul District Court, Korea.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

At all times material hereto Defendant Dalia Ship Holding S.A. was not a carrier of the cargo which is the subject matter of the Complaint.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants did not owe Plaintiff any duty or warranty under the law or pursuant to contract and did not breach any contractual or legal duty or warranty.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

There is an absence of privity of contract between the vessel *in rem* and Plaintiff and therefore, the Complaint should be dismissed.

### FORTIETH AFFIRMATIVE DEFENSE

There is no actual knowledge, privity, and/or fault of Defendants and, therefore, this action must be dismissed.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Defendants reserve their right to add those defenses which they deem necessary to their defense during or upon the conclusion of investigation and discovery.

WHEREFORE, answering defendant Dalia Ship Holding S.A., appearing *in personam* demands judgment in its favor and against Plaintiff Liberty Woods International, Inc., along with

PBH472252.1

the dismissal of Plaintiff's Complaint with prejudice at Plaintiff's cost and such other and further relief as this Honorable Court may deem proper and just under the circumstances.

WHEREFORE, answering defendant Dalia Ship Holding S.A., appearing as owner of the M/V OCEAN QUARTZ and subject to its restricted appearance and Verified Statement of Right or Interest filed of record herein, demands judgment in its favor and against Plaintiff Liberty Woods International, Inc., along with the dismissal of Plaintiff's Complaint with prejudice at Plaintiff's cost and such other and further relief as this Honorable Court may deem proper and just under the circumstances.

PALMER BIEZUP & HENDERSON LLP

By: /s/ Charles P. Neely, Esquire
Charles P. Neely
330 Market Street
Camden, NJ o8102
cneely@pbh.com
856-428-7717

Attorneys for Dalia Ship Holding S.A.
As Claimant of Defendant Vessel
M/V OCEAN QUARTZ, *in rem*

**Of Counsel:**
Richard Q. Whelan
Palmer Biezup & Henderson LLP
190 N. Independence Mall West, Suite 401
Philadelphia, PA 19106
215-625-7806
rwhelan@pbh.com
Attorneys for Dalia Ship Holding S.A.
As Claimant of Defendant Vessel
M/V OCEAN QUARTZ, *in rem*

Dated:  February 12, 2016

13

PBH472252.1

## ATTORNEYS' VERIFICATION

Charles P. Neely, Esq., being duly sworn, deposes and says:

1.     I am an associate in the law firm of Palmer, Biezup & Henderson LLP, counsel for claimant Dalia Ship Holding S.A., the registered owner of the M/V OCEAN QUARTZ;

2.     I am authorized to make this Verification on behalf of Dalia Ship Holding S.A.;

3.     I have read the attached Answer to Complaint and know the contents thereof, and the same are true and correct based upon my investigation and the information and documents provided to me by or on behalf of Dalia Ship Holding S.A.;

4.     Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

5.     Executed this 12th day of February, 2016.

*/s/ Charles P. Neely*
Charles P. Neely

14

PBH472252.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 12th day of February, 2016, a true and correct copy of the foregoing Verified Answer to Complaint was filed through the CM/ECF system and served by email on the following counsel of record:

Craig S. English, Esquire
Kennedy Lillis Schmidt & English
75 Maiden Lane, Suite 402
New York, New York 10038
cenglish@klselaw.com

By: /s/ Charles P. Neely
Charles P. Neely

PBH472252.1


EXHIBIT A

plus (b) as liquidated and ascertained damages, a sum equal to the correct freight. (2) Full freight to the port of discharge and/or destination named herein shall be considered as completely earned on receipt of the goods. whether the goods shall be lost or not lost and the Carrier shall be entitled to all freight and other charges due hereunder, whether actually paid or not, and to receive and retain them irrevocably under any circumstances whatsoever whether the vessel and/or the goods be lost or not, or the voyage be broken up or frustrated or abandoned at any stage of the carriage. Full freight shall be paid on damaged or unsound goods.
(3) The payment of freight and/or charges shall be made in full and in cash without any offset, counterclaim or deduction. Where freight is payable is payable at the port of discharge, destination or any other place, such freight and all other charges shall be paid in the currency named in this Bill of Lading, or at the Carrier's option in other currency subject to the regulations of the freight conference concerned or custom at the place of payment. (4) The Merchant shall be liable for, and shall indemnify the Carrier against all dues, duties, taxes and charges including consular fees, and fumigation expenses levied on the goods, or all fines and/or loss sustained or incurred by the Carrier in connection with the goods howsoever caused, including the Merchant's failure to comply while laws and regulations of any government or public authorities. The Merchant shall be liable for return freight and charges on the goods if refused exportation or importation by any government or public authority, if the Carrier is of the opinion that the goods stand in need of sorting, inspecting, mending or repairing or reconditioning or otherwise require protecting or caring for, the Carrier may carry out such work at the cost and expense of the Merchant. (5) The shipper, consignor, consignee, owner or receiver of the goods and holder of this bill of lading shall be jointly and severally liable to the Carrier for the payment of all freight and charges and for the performance of the obligation ot each of them hereunder.
21. (Lien): The Carrier shall have a lien upon the goods for freight, dead freight, demurrage or loss caused by detention, average contribution, salvage, and for all payments made and liabilities incurred in respect of any charges or expenditures stipulated herein to be borne by the Merchant: the Carrier may enforce such lien by public or private sale with or without notice or by legal proceedings, the cost of such enforcement being for the account of the Merchant.
22. (Obstruction of Route): The Carrier shall not be liable for loss, damage or delay caused by any obstruction of the Suez Canal or Panama Canal or any other canal, narrows, seaway, river, bay channel or any portion of the route of the vessel, or the non-operation or closing of the same: and in the event of such obstruction of or closing, the Carrier shall have the option to stop or delay the ship. awaiting the removal of such obstruction, or to reship, transship or forward all or any part of the goods by rail or any other conveyance, and all storage charges in connection therewith and extra freight shall be for the account of the Merchant and the Carrier shall have a lien upon the goods for any such charges., Further, the ship may sail via any other route whatsoever, additional freight therefor being paid by the Merchant.
23. (Indirect Damage Delay and Misdelivery : Time Bar): (1) The Carrier shall in no circumstances be responsible for indirect or consequential loss or damage caused through misdelivery, delay or physical loss or damage to the goods. (2) In the event of liability for delivery to the wrong person the same time limitation of one year as is provided for in Article III, 6 and 6 bis of the Hague Visby Rules shall apply.
24 (Limit of Liability): The Carrier shall in no event be or become liable for any loss of or damage to the goods in an amount exceeding one hundred Pounds Sterling (UK £100.) and/or five hundred U. S. Dollars (US $ 500), or whichever is less, per package or unit, unless the value of the goods higher than this amount is declared in writing by the Merchant before shipment and the nature and the value thereof inserted in the Bill of Lading and extra freight is paid as agreed upon. In such case, even if the value of the goods as measured per package or unit or otherwise exceeds such declared value, as the value shall nevertheless be deemed to be the declared value. The Carrier's liability shall not exceed such agreed or declared value, as the case may be, and any partial loss or damage shall be adjusted pro rata on the basis of such declared value. The limitation of liability and other provisions contained in this paragrph shall inure not only to the benefit of the Carrier, but also to the benefit of any servant. agent, contractor or independent  contractor performing services including stevedoring in connection with the goods covered by this Bill of Lading.
25. (Defences and Limit for the Carrier): The defences and limit of liability provided for in this Bill of Lading shall apply in any action against the Carrier for loss or damage to the goods whether the action be founded in contract or in tort.
26. (Defences and Limits for Servants, etc.): If an action for loss or damage to the goods is brought against a servant, agent, contractor or independent contractor of the Carrier, such person shall be entitled to avail himself of the defences and limits of liability which the Carrier is entitled to invoke under this contract and the laws referred to herein. The aggregate of the amounts recoverable from the Carrier and his servants, agents, contractors, or independent contractors shall in no case exceed the limits provided for in this document.
27. (Surrender of Bill of Lading ) : If required by the Carrier. his servants and/or agents, this Bill of Lading duly endorsed shall be surrendered in exchange for the release of the goods.
28. (General Average): (1) General average is to be adjusted at any port or place at the Carrier's option to be settled according to the York Antwerp Rules 1994 this covering all goods, whether carried on or under deck. The Amended jason Clause, as approved by BIMCO to be considered as incorporated herein. (2) Such security including a cash deposit as the Carrier may deem sufficient to cover the estimated contribution of the goods and any salvage and special charges thereon shall, if required, be submitted to the Carrier prior to delivery of the goods.
29. (Both-to Blame collision clause): The Both-to Blame collision clause as adopted by BIMCO to be considered incorporated herein.
30. (Year 2000 Safety Protocol)It is agreed that Year 2000 Safety Protocol (dated 14th June 1999) together with the Code of Good Practice contained in the IMO Circular Letter No. 2121 dated 5th March 1999. shall be incorporated into this contract and that any practices implemented in accordance therewith shall not be considered a breach of this contract nor form the basis of any claim in tort and shall be deemed taken in good faith and in the exercise of due diligence.
31. (Identity of Carrier): The contract evidenced by this Bill of Lading is between the Merchant and the owner and/or managing owner of the vessel named herein (or substitute) and it is therefore agreed that said owner only shall be liable for any damage or loss due to any breach or nonperformance of any obligation arising out of the contract of carriage whether or not relating to the vessel s seaworthiness. If despite the foregoing, it is adjudged that any other is the Carrier and/or bailee of the goods shipped hereunder, all limitations of and exonerations from, liability provided for by law or by this Bill of Lading shall be available to such other. It is further understood and agreed that if the line, company or agent who has executed this Bill of Lading for and on behalf of the master is not a principal in the transaction said line. company or agent shall not be under any liability arising out of the contract of carriage, not as carrier nor as bailee of the goods.
32. (Applicable law): This Bill of Lading shall have effect subject to the provisions of the Carriage of Goods by Sea Act of the United States approved April 16. 1936. The Carrier and its agent and subcontractors. shall be entitled to all of the rights and immunities set forth in that Act, and to the extent that any term of this Bill of Lading is repugnant to, or inconsistent therewith, and such inconsistency is not permitted by that Act, then such term shall be amended, but only to the minimum extent necessary to comply with the terms of that Act.
33. (Jurisdiction): Any claim. dispute. suit or action concerning goods carried under this Bill of Lading, whether based upon breach of contract. tort. or otherwise shall be brought before the Seoul District Court in Korea.

